OPINION OF THE COURT
Marianne O. Mizel, J.
This is a case of first impression involving Domestic Relations Law § 115-d (9), which concerns extending the certification of qualified adoptive parents.
David R. and Evelyn R. were certified as qualified adoptive *936 parents by order of this court signed February 3, 1993 by the Hon. James J. Battisti, Jr., J.F.C. That order expires August 3, 1994 pursuant to Domestic Relations Law § 115-d (6), which provides that an order of certification shall be valid for no more than 18 months.
Mr. and Mrs. R. have not yet found a child to adopt and the order of certification will expire in less than a month. They filed a petition with this court on June 1, 1994 asking the court to extend their certification for another 18 months so that there will be no gap in their certification and their eligibility to receive a child will continue unbroken.
Domestic Relations Law § 115-d (9) concerns extension of the order of certification. It specifically addresses two situations. First, it provides for an extension when an adoption petition is filed but the remaining certification period is less than one year. Second, it provides for an extension when the prospective adoptive parents have previously been qualified but the order of certification has expired less than one year prior to the date of the filing of the adoption petition. In that situation, the court may extend the prior order of certification for 18 months from the filing of the adoption petition provided that the petitioning adoptive parents ask for such extension and "set forth any change of circumstances of the qualified parent or parents since issuance and expiration of the last certification which may be relevant and material to the extension of such certification and affix thereto written verification of any such changed circumstance or lack thereof by a disinterested person as defined in subdivision four of this section.” Immediately following this language, the statute provides "[e]xcept as is provided for by this subdivision, the court shall not extend a previously expired order of certification. Any further certification shall require the filing of a new petition for certification in accordance with subdivision six of this section” (emphasis supplied).
The R.s come within neither legislative scenario because they have not yet filed an adoption petition and they do not presently anticipate being able to file one before August 3, 1994. It does not seem unreasonable for the court, however, to fashion a remedy for their situation.
The statute provides that the second scenario shall be the only method of extending an expired order of certification; however, no limitation is placed on the court in extending an unexpired order of certification. The only implied limitation is *937 that a petitioner may not apply to extend if the remaining viable period of the order is over one year.
Here, the prospective adoptive parents submitted a petition to the court when there were two months remaining on the order. The court has conducted a diligent search and has been unable to locate any precedent or legislative or executive memoranda on the statute for guidance. The R.s have submitted a petition verified by both petitioners detailing changes in each of their employment since the time of the original order. Although their income has been reduced it has not been lowered to the point where they would incur hardship or difficulty in supporting a child.
The statute provides that in extending an expired order, the petitioners shall attach to their petition written verification by a disinterested person of any change in circumstances. Here, no such verification by a disinterested person has been presented to the court. This court is willing to accept the petitioner’s verification in this case for two reasons: one, the change which is alleged is not of a type which would require extensive investigation by a disinterested person and two, the period reviewed for a change in circumstances in this case is the 18 months of the original order while the period reviewed after expiration of the original order can be as long as 30 months (the original 18 months plus the less than one-year period during which the order has lapsed). If an adoption petition were filed on August 2, 1994, the R.s are not statutorily required to inform the court as to any changes in circumstances in order to obtain the 18-month extension provided by statute. The court is not uneasy in extending the order of certification without verification of a disinterested witness under these circumstances. However, any requests for further extension of the order will not necessarily receive the same treatment as this initial request for extension.
The court has signed an order extending certification to February 3, 1996 simultaneously with the issuance of this decision.